**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| M. NORMAN DONNENFELD, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PETRO, INC., d/b/a PETRO HOME SERVICES,<br><br>Defendant. | No. 2:17-cv-02310-SIL |

**FINAL ORDER AND JUDGMENT CERTIFYING THE CLASS APPROVING THE CLASS ACTION SETTLEMENT, AND**
**DISMISSING THE ACTION WITH PREJUDICE**

Upon considering the Unopposed Motion for Final Approval of Class Settlement and Related Relief (the "Unopposed Motion"), filed by Plaintiff on behalf of the Class and Defendant Petro, Inc., d/b/a Petro Home Services ("Petro"), seeking approval of the proposed Settlement Agreement (or the "Proposed Settlement," on file with the Court as Exhibit 1 to the Declaration of Bruce H. Nagel in support of Plaintiff's Unopposed Motion for Preliminary Approval of Class Settlement, Certification of the Settlement Class, Class Notice and Related Matters, dated May 6, 2019, ECF No. 63-3), and Memorandum in Support Thereof, and on considering the record of these proceedings, the representations, arguments, and recommendation of counsel for the moving parties, and the requirements of law, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1.  The Court has jurisdiction over the subject matter and parties to this proceeding pursuant to 28 U.S.C. § 1332.

2.  Venue is proper in this district.

3. The Court finds, for settlement purposes only, that the Federal Rule of Civil Procedure Rule 23 factors are present and that certification of the proposed Class, as defined and set forth below, which the Court previously certified preliminarily, is appropriate under Fed. R. Civ. P. Rule 23(a) and Rule 23(b)(3):

> All Persons in the United States who, between August 1, 2013 and September 30, 2016, inclusive, had a Ceiling Price Agreement with Petro, Inc.

Excluded from the Class are: Petro; former Petro employees; any entity in which Petro has a controlling interest; any affiliate or legal representative of Petro; the Judge to whom this case is assigned and any member of the Judge's immediate family; and any heirs, assigns, and successors of any of the above persons or organizations in their capacity as such.

4. Specifically, the Court finds, for settlement purposes only, that the Class described above satisfies the following factors of Fed. R. Civ. P. 23(a) and 23(b)(3):

(a) <u>Numerosity</u>: In this case, the Class consists of thousands of individuals or entities that had accounts with Petro at some point during the period from August 1, 2013 and September 30, 2016. Thus, the Rule 23(a)(1) numerosity requirement has been met with respect to the Settlement Class.

(b) <u>Commonality</u>: The Class Representative's claims are common to the Class because he alleges a common course of conduct affecting each Class Member.

(c) <u>Typicality</u>: The Class Representative's claims arise from the same course of conduct and share the substantially same legal theory, as do the claims of each Class Member. Furthermore, the Class Representative will advance the interests of all Class Members. The Class Representative pleads various causes of action stemming from a common course of conduct. The Class Representative's claims are typical of those of the Class and the Class satisfies Rule 23(a)(3).

(d) <u>Adequacy</u>: The Class Representative asserts claims representative of the claims of the Class in its entirety. As such, even though the claims may not be identical in amount to every claim of every Class Member in the Class, the class representative can adequately represent the entire Class.

The adequacy factor also considers Class Counsel. In this case, Class Counsel regularly engages in complex litigation similar to the present case and has dedicated

        substantial resources to the prosecution of this matter. The adequacy requirement is satisfied for the Class.

    (e)    <u>Predominance</u>: There is predominance in the Class. Common issues include: (a) whether Petro's policies and practices constitute unfair or deceptive trade practices and (b) whether Petro breached its contracts with the Class. The resolution of these questions is relevant to essential elements of every Class Member's claims in the Class.

    (f)    <u>Superiority</u>: A settlement class that will determine the issues common to all Class Members and fix compensation for alleged economic injury is superior to thousands of trials that would risk disparate results for similarly situated individuals and entities. This superiority is present with respect the Class.

5.    In the interest of clarity, the Court reiterates that it makes the above findings set forth in paragraphs 3 and 4 regarding certification of the Class for the purpose of settlement only.

6.    The Court reconfirms the appointment of M. Norman Donnenfeld as the Class Representative.

7.    The Court approves the Proposed Settlement dated May 3, 2019, together with all of its Exhibits, on file with the Court as at ECF No. 63-3 (Exhibit 1 to the Declaration of Bruce H. Nagel in support of Plaintiff's Unopposed Motion for Preliminary Approval of Class Settlement, Certification of the Settlement Class, Class Notice and Related Matters, dated May 6, 2019), as being fair, adequate, and reasonable and in the best interests of the Class, satisfying Fed. R. Civ. P. 23(e) and the fairness and adequacy factors of this Circuit.

8.    Rule 23(e)(2) provides that a court may approve a class action settlement only if it is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). "The court must review the negotiating process leading up to the settlement for procedural fairness, to ensure that the settlement resulted from an arm's-length, good faith negotiation between experienced and skilled litigators." *Charron v. Wiener*, 731 F.3d 241, 247 (2d Cir. 2013). The Settlement Agreement was entered into by experienced counsel after extensive, arm's-length negotiations with the assistance of a mediator, the Hon. Stephen

J. Orlofsky (ret.). The Settlement is not the result of collusion and was entered into in good faith. Class Counsel and the Plaintiff have fairly and adequately represented the Settlement Class for purposes of entering into and implementing the Settlement.

9. Further, in reaching the decision to approve the Settlement, the Court has considered factors that include: the nine *Grinnell* factors used in this Circuit to evaluate class action settlements: (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendant to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; [and] (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. *Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir.1974) (citations omitted), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000); *see also Charron v. Wiener*, 731 F.3d 241, 247 (2d Cir. 2013).

10. The Court holds that the Class Notice and notice plan as carried out satisfy the requirements of Fed. R. Civ. P. 23(e) and due process. This Court has previously held the Class Notice and notice plan to be reasonable and the best practicable under the circumstances in its Preliminary Approval Order dated December 5, 2019 (ECF No. 74) and Order Regarding Notice to Class and Related Matters dated February 6, 2020 (ECF No. 77). The Court further finds that the direct-notice strategy as implemented has successfully and adequately reached the Class, thus constituting the best practicable notice and satisfying due process.

11. The Court holds that the notice provisions set forth under the Class Action Fairness Act, 28 U.S.C. § 1715, were complied with in this case.

12. The Court reconfirms the appointment of NAGEL RICE, LLP as Class Counsel for the

Settlement Class as set forth in the Court's Preliminary Approval Order.

13. The Court reconfirms the appointment of the Settlement Administrator.

14. The "Released Claims" (as defined below) of any and all Class Members and others (the "Releasing Persons" as defined below) are HEREBY RELEASED AND DISMISSED WITH PREJUDICE against all "Released Persons" (as defined below):

"Released Claims" means and includes any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extra contractual claims, damages, punitive, exemplary, or multiplied damages, expenses, costs, attorneys' fees and/or obligations (including "Unknown Claims" as defined below), whether in law or in equity, accrued or unaccrued, direct, individual, or representative, of every nature and description whatsoever, based on any federal, state, local, statutory or common law, or any other law, rule or regulation, including the law of any jurisdiction outside the United States, against the Released Persons, or any of them, that arose during the Class Period, or arise in any manner whatsoever from facts that occurred during the Class Period, out of the same factual predicate as the claims asserted in the Action or the related action in the United States District Court, District of New Jersey, entitled *M. Norman Donnenfeld v. Petro Home Services, Petro Holdings Inc. and Petro, Inc.*, Civil Action Number 2:16-cv-00882 JMV-JBC (the "New Jersey Action"), including but not limited to any and all claims related to or arising out of the conduct alleged in the Complaint or similar conduct and wherever the alleged conduct or similar conduct may have occurred and/or that is or are based on any act, omission, inadequacy, misstatement, representation, harm, matter, cause, or event by the Released Persons. The Released Claims specifically exclude claims for (i) personal injury, (ii) damage to property, and (iii) claims that accrue based on facts that occur after the Preliminary Approval Order.

"Released Persons" means Petro, Inc., d/b/a Petro Home Services, and its parents, subsidiaries, affiliates, predecessors, successors, and assigns, as well as their respective current and former officers, directors, members, stakeholders, owners, employees, agents, attorneys and insurers, and sales representatives, including but not limited to any and all current and former directors, officers, employees and/or agents,.

"Releasing Parties" means Plaintiff, all Settlement Class Members, and any Person claiming by or through him, her, or it, including any Person claiming to be his, her, or its spouse, parent, child, heir, guardian, associate, co-owner, attorney, agent, administrator, executor, devisee, predecessor, successor, assignee, representative of any kind, shareholder, partner, director, employee, or affiliate. However, for clarity, notwithstanding any other provision of this Agreement, Petro is not releasing any Class Members from any existing contractual obligations pursuant to energy rate plans with Petro, including any outstanding balances.

"Unknown Claims" means Released Claims that any Releasing Party does not know or suspect to exist, which, if known by him, her, or it, might affect his, her, or its agreement to release the Released Persons for the Released Claims or might affect his, her, or its decision to agree, object, or not to object to the Settlement.

"Class Period" the period between August 1, 2013, and September 30, 2016, inclusive.

15. By entry of this Final Order and Judgment, each Class Member of the Class, and all other persons and entities claiming by, through, or on behalf of, a Class Member of the Class, are hereby forever barred and enjoined from commencing, filing, initiating, instituting, prosecuting, maintaining, or consenting to any action against the Released Persons with respect to the Released Claims and forever discharge and hold harmless the Released Persons of and from any and all Released Claims which the Class Member has or may hereafter have.

16. This Final Order and Judgment notwithstanding, this Court retains continuing jurisdiction over the case, the Settlement, this Final Order and Judgment, the Class Members, the Settlement Administrator, the Plaintiff, Class Counsel, and Petro for the purpose of administering, supervising, construing and enforcing this Settlement and the Final Order and Judgment, supervising the disbursement of funds under the Settlement, and, by separate order, addressing the applications for an award of attorneys' fees and expenses.

17. Pursuant to the All Writs Act, 28 U.S.C. §1651, this Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court, that threatens to undermine the Settlement in this case and this Final Order and Judgment.

18. FINAL JUDGMENT is hereby ENTERED dismissing with prejudice all Released Claims of the Class against all Released Persons as herein described.

19. Pursuant to Fed. R. Civ. P. 54(b), the Court determines that there is no just cause for

delay and expressly DIRECTS the ENTRY OF JUDGMENT on all issues contained in this Order.

DATED: This  26   , day of  March , 2020

                                                                SO ORDERED

                                            s/ Steven I. Locke
                                            Magistrate Judge Steven I. Locke
                                            United States District Court,
                                            Eastern District of New York

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| M. NORMAN DONNENFELD, on behalf of himself and all others similarly situated, Plaintiff, <br><br> v. <br><br> PETRO, INC., d/b/a PETRO HOME SERVICES, <br><br> Defendant. | No. 2:17-cv-02310- SIL <br><br> **ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR FEES, EXPENSES AND NAMED PLAINTIFF SERVICE AWARD** |

THIS MATTER having been opened to the Court by Nagel Rice, LLP, on behalf of M. Norman Donnenfeld, Plaintiff and Class Representative by way of motion for an Order granting Plaintiff's Unopposed Motion for Fees, Expenses and Named Plaintiff Service Award (ECF No. 78);

WHEREAS, the Court preliminarily approved the Settlement Agreement on December 5, 2019 [DE 74]; and

WHEREAS, ¶ 7.2 of the Settlement Agreement (ECF No. 63-3) provides that Defendant has agreed not to oppose the amount of $975,000.00 to Plaintiffs' counsel for their attorneys' fees and expenses, subject to Court approval; and

WHEREAS, the Settlement Agreement also provides, in ¶ 7.2 that the Plaintiff may seek a Named Plaintiff Service Award to be paid out of the total attorney's fees awarded upon approval of the Court and Plaintiff is seeking a $5,000.00 Service Award for the Named Plaintiff; and

WHEREAS, after considering Plaintiff's motion, (ECF NO. 78) Brief in support, (ECF No. 78-2) and Certification of Bruce H. Nagel (ECF No. 78-1) previously filed on February 11, 2020, as well as any materials that may be filed in opposition thereto, and the Court having concluded that

1

Plaintiff's request for fees, expenses and payment of the Named Plaintiff Service Award is reasonable, permissible under the applicable law and in accordance with the Settlement Agreement;

IT IS ON THIS 26 day of March 2020, ORDERED:

1. Plaintiffs' Unopposed Motion for an Award of Attorney's Fees, the reimbursement of expenses, and the approval of Named Plaintiff Service Award is hereby GRANTED.

2. Defendant shall pay Class Counsel $_____ [975,000.00] for attorneys' fees and expenses in accordance with ¶7.2 of the Settlement Agreement.

3. In accordance with the Settlement Agreement, a payment of $_____ [$5,000.00] out of the total amount awarded to Plaintiff's Counsel will be paid to the Named Plaintiff, M. Norman Donnenfeld.

4. Consistent with ¶7.3 of the Settlement Agreement, the court Awarded Attorneys' Fees and Costs which includes the Named Plaintiff Service Award shall be made by Defendant within 15 business days after the Effective Date.

SO ORDERED

DATED: March 26, 2020

/s Steven I. Locke
STEVEN I. LOCKE, U.S.M.J.